1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TED LEWIS,

       Plaintiff,                   No. CIV S-07-0090 DFL DAD P

   vs.

DR. B. NAKU, et al.,

       Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request for leave to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $17.14 will be assessed by this order. <u>See</u> 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

1

Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

/////

pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has named as defendants Dr. B. Naku, M.D., California State Prison, Solano; Dr. Alvaro C. Traquina, M.D., California State Prison, Solano; N. Grannis, Director of Corrections for the State of California; and D.K. Sisto, Acting Warden for California State Prison, Solano. On December 29, 2005, plaintiff allegedly experienced back and knee injuries while working as a welder in Solano State Prison's metal fabrication shop.

Plaintiff alleges that defendants provided him inadequate medical care in violation of the Eighth Amendment. Plaintiff seeks $250,000 in damages.

The court finds that plaintiff has failed to allege a specific causal link between the named supervisorial defendants and the claimed constitutional violations. Plaintiff's complaint thus fails to state a claim against defendants N. Grannis and D.K. Sisto. The court has determined, however, that plaintiff's complaint states cognizable claims for relief against defendants Dr. B. Naku, M.D. and Dr. Alvaro C. Traquina, M.D. If the allegations of the complaint are proven against these defendants, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 16, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $17.14. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following defendants: Dr. B. Naku, M.D. and Dr. Alvaro C. Traquina, M.D.

4. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet, and a copy of the complaint filed January 16, 2007.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

/////

         c. One completed USM-285 form for each defendant listed in number 3 above; and

         d. Three copies of the endorsed complaint filed January 16, 2007.

    6. Plaintiff shall not attempt service of complaint and summons on the defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the specified defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: March 26, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lewi0090.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TED LEWIS,

      Plaintiff,                    No. CIV S-07-0090 DFL DAD P

    vs.

DR. B. NAKU, et al.,            NOTICE OF SUBMISSION

      Defendants.             OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____ <u>one</u> completed summons form;

        _____ <u>two</u> completed USM-285 forms; and

        _____ <u>three</u> true and exact copies of the complaint filed January 16, 2007.

DATED: _____.

                                              _____

                                              Plaintiff