JS - 6

**UNITED  STATES  DISTRICT  COURT**

**FOR  THE  EASTERN  DISTRICT  OF  CALIFORNIA**

| | |
|---|---|
| Ted Lewis, Jr.,<br><br>　　　　　Plaintiff(s),<br><br>　　　v.<br><br>B. Naku, et al.,<br><br>　　　　　Defendant(s).<br>_____ | CASE NO.  S CIV 07-0090 DOC<br><br>**O R D E R** GRANTING MOTION FOR<br>**SUMMARY JUDGMENT** |

Before the Court is Defendant Binoye Naku's ("Defendant") Motion for Summary Judgement (the "Motion").  After considering the moving, opposing, and replying papers, the Court hereby GRANTS the Motion.

## I. BACKGROUND

Petitioner Ted Lewis ("Petitioner") filed the instant lawsuit under 42 U.S.C. §1983 alleging that Defendant Binoye Naku ("Defendant") was deliberately indifferent to his medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  Petitioner has had numerous complaints of back pain while housed at Salinas Valley State Prison due to an injury sustained on May 6, 1999.  After being transferred to CSP-Solano on August 16, 2005, Petitioner continued to complain of back pain due to both the May 6, 1999 injury and degenerative disc dysplasia.  On December 29, 2005, Petitioner allegedly tripped over a stool while working as a metal fabricator at CSP-Solano, thereby allegedly injuring his lower back and right knee.

On April 18, 2006, Defendant saw Petitioner for the first time for a complaint of dizziness and a general problem with his right ear.  Defendant avers that Petitioner did not mention any claim of back pain at that time.  Defendant diagnosed Petitioner with a perforated right ear drum and wrote him an order for batteries for his hearing aid.  On April 21, 2006 Petitioner scheduled an appointment with Defendant, for which he allegedly did not appear.  On May 15, 2006, Petitioner was seen by Defendant for his back pain.  Defendant states:

> During the physical examination, [Defendant] directly placed his hands on
> [Petitioner] and found that [Petitioner] was not in distress and that
> [Petitioner's] lumbar spine was remarkable only for point tenderness at the
> mid back.  [Defendant] diagnosed [Petitioner] with osteoarthritis based on
> [Petitioner's] history of chronic back pain, [] subjective complaints, [] age
> [Petitioner's date of birth is 4/24/58) and his physical examination fo
> [Petitioner]. [Defendant] wrote [Petitioner] a prescription for Motrin, a
> non-steroidal anti-inflammatory drug, to be taken three times per day as
> needed for pain for 60 days, and Robaxin, a muscle relaxant, 750 mg
> twice a day for 30 days.  On May 15, 2006, [Defendant] also wrote an
> order for [Petitioner] to be seen again in 30 days, wrote an order for bi-
> weekly complete blood counts for 30 days, and wrote [Petitioner] an order
> to have a complete blood count taken that day.

Def.'s Mo. p. 3.

## II. LEGAL STANDARD

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The Court must view the facts and draw inferences in the manner most favorable to the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other

1  party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505 (1986); *Celotex Corp.*

2  *v. Catrett*, 477 U.S. 317, 323-25, 106 S. Ct. 2548 (1986).  When the non-moving party bears the burden

3  of proving the claim or defense, the moving party can meet its burden by pointing out that the non-

4  moving party has failed to present any genuine issue of material fact.  *Musick v. Burke*, 913 F.2d 1390,

5  1394 (9th Cir. 1990).

6         Once the moving party meets its burden, "an opposing party may not rely merely on allegations

7  on denials or its own pleading; rather, its response must–by affidavits or as otherwise provided in this

8  rule–set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond,

9  summary judgment should, if appropriate, be entered against that party.  Fed. R. Civ. P. 56(e)(2);  *see*

10  *also Anderson,* 477 U.S. at 248-49.  Furthermore, a party cannot create a genuine issue of material fact

11  simply by making assertions in its legal papers.  There must be specific, admissible evidence identifying

12  the basis for the dispute.  *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*,

13  690 F.2d 1235, 1238 (9th Cir. 1980).  The Supreme Court has held that "[t]he mere existence of a

14  scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably

15  find for [the opposing party]."  *Anderson*, 477 U.S. at 252.

16                                          **III. DISCUSSION**

17         When prison officials are deliberately indifferent to the serious medical needs of those under

18  their control, the Eighth Amendment proscription against cruel and unusual punishment is violated.

19  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285 (1976).  A determination of deliberate indifference

20  requires an examination of two elements: (1) the seriousness of the prisoner's medical needs; and (2) the

21  nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

22  1992).

23         "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition

24  does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice

25  does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*,

26  429 U.S. 97, 106 (1976).  Isolated occurrences of neglect do not constitute deliberate indifference to

27  serious medical needs. *See Jett v. Penner*, 439 F.3d. 1091, 1096 (9th Cir. 2006).  To establish deliberate

28  indifference, the prison official must know of, and disregard, an excessive risk to the patient's health

1    and safety. *Toguchi v. Chung*, 391 F.3d 1057-1058.  The prison official must not only be aware of facts

2    from which the inference could be drawn that a substantial risk of serious harm exists, but actually draw

3    the inference. *Id.*

4           Petitioner claims that the Defendant was deliberately indifferent when Defendant failed to

5    properly diagnose Petitioner's back injury.  Petitioner saw the Defendant on three medical visits where

6    Defendant diagnosed Petitioner with osteoarthritis.  Petitioner was later diagnosed by a different doctor

7    with a cervical spine disk protrusion in C4-5 and C5-6 ("degenerative disc dysplasia").  Petitioner

8    requires an anterior cervical diskectomy and fusion of the cervical disk protrusion at the L 7-8, L45, and

9    L55 lumbar level.  Petitioner does not suffer from osteoarthritis.

10          During the April 18, 2006 medical visit, Petitioner alleges that he was not permitted to ask the

11   Defendant to address his back pain.  He claims he was told that he would have to resubmit another

12   medical request form in order for the Defendant to discuss his back pain.  At that time, Defendant

13   diagnosed a perforated right ear drum and wrote Petitioner an order for batteries for his hearing aid.  As

14   Petitioner did not inform Defendant that he had back pain at his medical visit, Defendant properly

15   responded to Petitioner's needs and did not violate his Eighth Amendment rights.   Petitioner's back

16   pain was not at issue during the April 18, 2006 medical visit and Defendant was not deliberately

17   indifferent to Petitioner's medical condition.  Indeed, this was an isolated incident of alleged

18   indifference and did not rise to the level of a constitutional violation.

19          On the May 15, 2006 visit, where Petitioner's back pain was at issue, Petitioner claimed that he

20   was not complaining of lower back pain, but rather neck pain.  Although Petitioner claims he was

21   suffering neck pain and not back pain, this does not show up in any of the Petitioner's exhibits.  Each of

22   Petitioner's exhibits shows that he was suffering "back pain," including the exhibits where Petitioner

23   claims he catches Defendant in a lie.  Defendant examined Petitioner and determined that Petitioner was

24   not in distress and that Petitioner' lumbar spine was remarkable only for point tenderness at the mid

25   back.  Defendant then diagnosed Petitioner with osteoarthritis.

26          The Court finds that Defendant's diagnosis was not deliberately indifferent to Petitioner's

27   medical needs and did not violate the Eighth Amendment.  At most, Defendant was negligent in his

28   diagnosis.  However, as stated above, a negligent diagnosis does not rise to the level of a constitutional

1    violation.  *See Estelle,* 429 U.S. 97.  Petitioner had a history of chronic back pain.  This history includes

2    back pain dating back to May 6, 1999, Petitioner's age of 48-years-old, and Defendant's physical

3    examination.  Defendant was not indifferent to the pain Petitioner was experiencing and wrote Petitioner

4    a prescription for Motrin, a pain killer, and Robaxin, a muscle relaxant, for 30 days.  Prescribing Motrin,

5    a non-steroidal anti-inflammatory drug, and Robaxin, was the conservative course of treatment and

6    shows that Defendant did not purposefully ignore the Petitioner's osteoarthitis diagnosis.  Whether

7    Defendant made the correct diagnosis is an issue of negligence and not deliberate indifference.

8    Therefore, the Defendant did not violate Petitioner's Eighth Amendment.

9         Finally, on June 9, 2006, Defendant examined Petitioner because he was complaining about an

10   earache.  Defendant's physical examination only determined that Petitioner had an inflamed right ear

11   drum.  Defendant responded by writing Petitioner a prescription for Augmentin, an antibiotic, and

12   Motrin to help with the pain.  Petitioner again argues that he had back pain at the time of the medical

13   visit and that the Defendant refused to address the issue.  This visit was shortly after Petitioner's

14   previous visit, where he was prescribed Motrin and Robaxin.  At the time of the visit, Petitioner was still

15   under treatment for Defendant's previous diagnosis.  Defendant was not deliberately indifferent to

16   Petitioner's medical needs when he prescribed an antibiotic for Petitioner's earache and Motrin for his

17   pain and when Petitioner was already under treatment for the prior diagnosis of osteoarthritis.

18        The Court finds that, although Defendant's diagnosis was incorrect, his actions were not

19   deliberately indifferent.  The findings of the x-ray and the MRI and the hands-on physical examination

20   could have supported the diagnosis of osteoarthritis.  Prescribing a non-steroidal anti-inflammatory drug

21   such as Motrin, was the correct first step in treating chronic back pain.  The Court finds that the

22   Defendant's failure to initially diagnose Petitioner with degenerative disc dysplasia during this medical

23   visit was not deliberately indifferent and did not violate Plaintiff's constitutional rights.

24        The Defendant was not deliberately indifferent to Petitioner's medical needs.  On each of the

25   three clinical examinations, Defendant responded to Petitioner's complaints and promptly examined and

26   treated him.  Although Defendant's diagnosis of osteoarthritis was incorrect, his diagnosis does not rise

27   to the level of deliberate indifference.  At most, Defendant's diagnosis was negligent, however, medical

28   negligence is not considered a constitutional violation under the Eighth Amendment simply because the

1    patient is a prisoner. *Estelle*, 429 U.S. 97, 106.   It does not appear that the Defendant knew of, and

2    disregard, an excessive risk to the Petitioner's health and safety when he diagnosed the Petitioner with

3    osteoarthritis.  Therefore, Defendant was not deliberately indifferent in treating the Petitioner and did

4    not violate the Petitioner's constitutional right to be free from cruel and unusual punishment.

5        Consequently, because Plaintiff did not allege deliberate indifference on the part of the

6    Defendant, the Defendant is entitled to summary judgment on Petitioner's complaint against him.

7                                **IV. OUTCOME**

8        For the foregoing reasons, Defendant's Motion for Summary Judgment is hereby GRANTED.

9    IT IS SO ORDERED.

10    DATED: July 1, 2009

11                                        DAVID O. CARTER
                                        UNITED STATES DISTRICT COURT JUDGE

12                                         Sitting by Designation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28